No. 2938

Second Circuit

WALKER v. MEYER

(March 14, 1928.   Opinion and Decree.)
   (May 22, 1928.   Rehearing Refused.)
(December 5, 1928.   Decision of Court of
Appeal reversed and suit dismissed by
the Supreme Court on Writ of
Certiorari and Review.)

Albert P. Garland, of Shreveport, attorney for plaintiff, appellant.

Dimick and Hamilton, of Shreveport, attorneys for defendant, appellee.

## STATEMENT OF THE CASE

REYNOLDS, J. This is a suit by Joe K. Walker as transferee of George Bickham to recover from Abe Meyer one thousand dollars as a commission he alleges defendant contracted to pay to Bickham if he would consummate a trade between him, Meyer, and W. P. Stiles for the exchange of certain real estate owned by Meyer for certain real estate owned by Stiles.

Plaintiff alleges that he is a duly licensed real estate broker and that Bickham was a duly licensed real estate salesman employed by him.

Bickham wrote defendant as follows:

"Shreveport, Louisiana.
"February twenty-fourth, 1926.
"Mr. Abe Meyer,
"Shreveport, La.
"Dear Sir:
"Referring to the sale of your Eagle Bend Plantation: I have been working continuously for the past three months on the sale of this place, but, as you know, owing to the caving banks of Red River at this point, also proposed new levee, which will adversely affect the value of this place, the damage of which cannot be estimated at this time, I have been unable to make sale or get an offer from any one at any price.
"For your consideration, submit the following property on which we can probably work out a trade, delivering same free of all incumbrances, although at present there is a $10,000 mortgage on the Shreveport property.
"No. 1604 Park Avenue, twenty-one room hotel, furnished, which I have had for sale at $16,500.00 and which should rent easily for between $125.00 and $150.00 per month, which I could have done several times, but have no authority to rent the place.
"Your very truly,
"GEORGE BICKHAM."

On the same page and immediately below his signature, Mr. Bickham wrote, to be signed by Mr. Meyer, the following agreement:

"Mr. Geo. Bickham.
"In case you are able to consummate trade, I will protect you on one thousand dollars commission."

To this Mr. Meyer added:

"If I won't have to pay any difference & the property is cleared of mortgage."
and then added his signature:

"Abe Meyer."

The property 1604 Park Avenue, Shreveport, Louisiana, was owned by W. P. Stiles and Bickham procured his consent to exchange that property for defendant's plantation on the terms stipulated by defendant and an act of exchange of the two properties was executed by Stiles and tendered to defendant who refused to complete the exchange. Whereupon this suit follows.

The defendant filed an exception of no cause of action to the petition, which exception was tried and overruled.

Defendant then answered denying liability and specially alleging:

"Further answering plaintiff's petition defendant shows that George Bickham presented him with the letter referred to in plaintiff's petition in which Bickham stated that he could 'probably work out a trade' for a piece of property on Park Avenue but which property was not definitely described as to the size of the lot, or the ownership thereof, and other essentials; and that said letter did not fix definitely the terms upon which a trade could be made, and it was not intended definitely to fix the terms of a trade, or close a trade, because at that time Bickham merely hoped to be able to work out, or consummate a trade, and it was agreed that in the event a definite trade was offered defendant should inspect the property and accept or reject it.
"Further answering, defendant shows

that when the aforesaid letter was presented to him it contained thereon a memorandum written by the said Bickham, in the following words, to-wit:

" 'Mr. George Bickham. In case you are able to consummate trade, I will protect you on $1000.00 commission;' that said words meant and were intended to mean and were construed by the parties as meaning that Bickham would be paid a commission in the event the property which might be offered in exchange, and the terms which might be offered, proved acceptable to defendant; and that defendant informed the said Bickham that he would not even care to discuss a trade on any property upon which he had to make any payment or assume any mortgage, so he added to the memorandum written by Bickham the words: 'If I wont have to pay any difference and the property be cleared of mortgage;' the intention of said words in connection with the memorandum being and having been interpreted by the parties to mean, that when Bickham tried to work out a trade or consummate a deal defendant would not consider any offer of any property upon which he would have to pay any difference or assume or pay any mortgage or encumbrance."

Defendant further alleges that Bickham afterwards admitted that defendant was not liable for the commission and promised to destroy the letter referred to; and he further alleges that Bickham did not disclose to him that he was acting for plaintiff and that he, defendant, would not have done business with plaintiff; and, further, that plaintiff was also the agent of Stiles in the transaction and could not earn a commission from defendant.

On these issues the case was tried and there was judgment rejecting plaintiff's demand and dismissing his suit and he has appealed.

## OPINION

Whether defendant was ignorant that Bickham was acting not for himself but for plaintiff is immaterial.

The serious question is whether the letter from Bickham to defendant and the latter's endorsement thereon, copied above, bound defendant to pay the agreed commission on Stiles' consent being obtained by Bickham to make the exchange on the terms stipulated by defendant.

That Bickham did obtain Stiles' consent and that Stiles was ready, willing and able to execute the exchange on his part is not questioned by defendant.

Defendant's contention is that the letter did not bind him to make the exchange even if Stiles was willing to make it on the conditions proposed nor to pay the commission in the event he declined to make the trade.

The language of the letter is clear and unambiguous and in our opinion bound defendant to pay Bickham the agreed commission on his obtaining Stiles' consent to make the exchange on the conditions named by defendant, to-wit: The property to be freed of mortgages and defendant not to pay any "boot".

Defendant's addition of the words: "If I wont have to pay any difference & the property is cleared of mortgage" to the agreement Bickham sent him to be signed clearly shows that defendant intended to bind himself to pay the commission if Bickham should obtain Stiles' consent to make the exchange on these conditions.

Over plaintiff's objection defendant was permitted to testify that at the time he signed the letter it was agreed between him and Bickham that he had the right to inspect the Stiles property and to refuse to make the exchange even though Stiles should be willing to make it on the terms proposed in the letter.

We think this evidence should have been excluded. The agreement was plain and unambiguous and parol evidence of a contemporaneous agreement limiting or modifying it was inadmissible.

Civil Code, Art. 2276.

Defendant also contends that the agreement between himself and Bickham was a personal one and not assignable. If so, Bickham carried it to completion on his part and the exchange was not made only because defendant refused to make it on his part.

Defendant further insists that plaintiff and Bickham also represented Stiles and therefore could not represent him also. We do not think they did. Stiles did not employ either plaintiff or Bickham to represent him. Stiles had agreed in the event he acquired defendant's property to list it with plaintiff for sale, but that was in no way detrimental to defendant.

Defendant agreed to pay Bickham a commission of one thousand dollars if he obtained Stiles' consent to exchange properties with him and Bickham did. obtain Stiles' consent. That the exchange was not effected was due to no fault of Bickham or Stiles but solely because defendant refused to make it. Bickham earned the commission and plaintiff as his assignee is entitled to recover it.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered, adjudged and decreed that plaintiff, Joe K. Walker, do recover judgment against defendant, Abe Meyer, for the sum of one thousand dollars with legal interest thereon from judicial demand and all costs.